```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

---------------------------------------x
                                       :
JANICE FLEMMING and MAIYSHA MARTINEZ    :
                                       :
          Plaintiffs,                   :
                                       :
v.                                     : Civil No. 3:07cv00803(AWT)
                                       :
GOODWILL MORTGAGE SERVICES, LLC;        :
JOHN A. BAFFOE; KEREM MURRELL;          :
PENNANT DEVELOPMENT, LLC; ANTHONY G.    :
PENNANT; MARK THOMPSON; JUBAR HOLLEY;   :
PRESTIGE PROPERTIES, LLC; SHAWN         :
ALDRIDGE; BARLOW AND LEWIS; PAUL        :
LEWIS; U.S. BANK NATIONAL ASSOCIATION   :
AS TRUSTEE FOR CITIGROUP MORTGAGE       :
LOAN AMENDED COMPLAINT TRUST,           :
ASSET-BACKED PASS-THROUGH               :
CERTIFICATES, SERIES 2006-AMC1 UNDER    :
THE POOLING AND SERVICING AGREEMENT     :
DATED AS OF SEPTEMBER 1, 2006;          :
DEUTSCHE BANK NATIONAL TRUST COMPANY    :
AS TRUSTEE FOR MORGAN STANLEY ABS       :
CAPITAL I INC. TRUST 2006-HE6,          :
MORTGAGE PASS-THROUGH CERTIFICATES,     :
SERIES 2006-HE6; COUNTRYWIDE HOME       :
LOANS, INC.; WASHINGTON MUTUAL BANK;    :
GMAC MORTGAGE, LLC; WELLS FARGO BANK,   :
N.A. d/b/a AMERICA'S SERVICING          :
COMPANY; SPECIALIZED LOAN SERVICING,    :
LLC; ROBERT MORRA d/b/a MORRA           :
ASSOCIATES; LIGHTHOUSE APPRAISAL,       :
LLC; and CARL GIORDANO, JR.,            :
                                       :
          Defendants.                   :
                                       :
---------------------------------------x
```

**RULING ON DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION
                            TO DISMISS**

    Janice Flemming ("Flemming") and Maiysha Martinez

("Martinez") bring this case against Goodwill Mortgage Services,

LLC ("Goodwill Mortgage"); John A. Baffoe ("Baffoe"); Kerem Murrell ("Murrell"); Pennant Development, LLC ("Pennant Development"); Anthony G. Pennant ("Pennant"); Mark Thompson ("Thompson"); Jubar Holley ("Holley"); Prestige Properties, LLC ("Prestige Properties"); Shawn Aldridge ("Aldridge"); Barlow and Lewis; Paul Lewis ("Lewis"); U.S. Bank National Association as Trustee for Citigroup Mortgage Loan Amended Complaint Trust, Asset-Backed Pass-Through Certificates, Series 2006-AMC1 under the Pooling and Servicing Agreement Dated as of September 1, 2006 ("U.S. Bank National"); Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 ("Deutsche Bank"); Countrywide Home Loans, Inc ("Countrywide"); Washington Mutual Bank ("Washington Mutual"); GMAC Mortgage, LLC ("GMAC"); Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"); Specialized Loan Servicing, LLC ("Specialized Loan"); Robert Morra d/b/a Morra Associates ("Morra"); Lighthouse Appraisal, LLC ("Lighthouse Appraisal"); and Carl Giordano, Jr. ("Giordano"), alleging violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et seq., (First Cause of Action); the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq., (Second Cause of Action); negligent misrepresentation (Third Cause of Action); fraud

(Fourth Cause of Action); and the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a et seq., (Fifth Cause of Action).

Deutsche Bank has moved to dismiss the Third, Fourth, and Fifth Causes of Action, the only claims in which it is named, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons set forth below, the motion is being granted.

I.      **FACTUAL BACKGROUND**

For the purposes of deciding this motion, the court assumes that the following allegations, set forth in the complaint, are true.

In the spring of 2006, Flemming entered into a real estate business opportunity with Holley and Thompson.  Namely, Flemming would purchase multiple properties in Hartford, Connecticut for residential, community development, and investment purposes; and Thompson and Holley would manage the properties, ensure that the rent was collected, and pay the mortgage.  Thompson and Holley told Flemming that the rental income from the properties would cover the mortgages on the properties.  According to Flemming, they also said that Thompson had set up a separate fund that would pay for any repairs that the properties needed.

On July 3, 2006, Flemming purchased property located at 56-

58 Judson Street in Hartford, Connecticut for $255,000 using the proceeds of a loan (the "New Century Loan") from New Century Mortgage Corporation ("New Century"). New Century subsequently assigned the loan to Deutsche Bank.

With one exception, i.e., property located on Webster Street, Goodwill Mortgage arranged the financing for all of the properties at issue in this case. Flemming alleges that agents for Goodwill Mortgage misrepresented her ownership interest in the Judson Street property and her monthly gross income on the Uniform Residential Loan Application for the New Century Loan. She brings the Third, Fourth, and Fifth Causes of Action against all defendants, including Deutsche Bank.

## II.  **LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Nor does

a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (internal citations omitted).  The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Mytych v. May Dep't Stores Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  "The issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 236).  In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air

Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

**III. DISCUSSION**

    **A.    Negligent Misrepresentation**

To prove a claim for negligent misrepresentation under Connecticut law, a plaintiff must demonstrate that the defendant "knew or should have known that [a representation] was false, that the plaintiff reasonably relied upon the misrepresentation, and that the plaintiff[ ] suffered pecuniary harm as a result thereof." Glazer v. Dress Barn, Inc., 274 Conn. 33, 73 (2005). The Restatement (Second) of Torts states: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." Restatement (Second) of Torts § 552 (1977); see also DeNuzzo v. Yale New Haven Hosp., 465 F. Supp. 2d 148, 153 (D. Conn. 2006) (quoting D'Ulisse-Cupo v. Bd. of Dirs. of Notre Dame High Sch., 202 Conn. 206, 223 (1987)).

The plaintiffs allege that New Century loaned Flemming the money to buy 56-58 Judson Street and that it assigned the loan to Deutsche Bank. The plaintiffs explicitly refer to Deutsche Bank in only two paragraphs. In paragraph 76, the plaintiffs allege

that "[t]he loan was assigned to Deutsche Bank/Countrywide." (Am. Compl. (Doc. No. 63) ¶ 76.)  In paragraph 18, the plaintiffs allege that "Deutsche Bank National Trust Company as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE6, Mortgage Pass-Through Certificates, Series 2006-HE6 ("Deutsche Bank" or defendant) is a trust company and past owner of a mortgage held [on] property located at 56-58 Judson Street in Hartford." (Id. ¶ 18.)  Nothing in the complaint suggests that New Century assigned the New Century Loan to Deutsche Bank before the loan closed.  Moreover, there is no allegation in the complaint that Deutsche Bank provided any information, much less false information to Fleming.[1]  Therefore, the Third Cause of Action is being dismissed with respect to Deutsche Bank because the Amended Complaint fails to state a claim for negligent misrepresentation against Deutsche Bank.

**B. Fraud**

The Amended Complaint also fails to state a claim for fraud against Deutsche Bank.  To prove a claim for fraudulent misrepresentation under Connecticut law, a plaintiff must demonstrate: "(1) that the defendant made a fraudulent

---

[1] While the plaintiffs refer to the "defendants" as a group in other paragraphs, their conclusory assertions in these paragraphs are insufficient to survive a motion to dismiss. (See, e.g., Am. Compl. ¶¶ 1, 152-153.)

misrepresentation of or concealed a material fact; (2) that the statement (or omission) was false and was known by the defendant to be false or was made with a reckless indifference to its truth; (3) that the statement (or omission) was made in order to induce the plaintiff to act in reliance on it; (4) that the plaintiff did so act, with justifiable or reasonable reliance on the representation[;] and (5) that the plaintiff was . . . injured as a result of the reliance." Vertrue Inc. v. Meshkin, 429 F. Supp. 2d 479, 497-98 (D. Conn. 2006).

There is no allegation in the complaint that suggests that Deutsche Bank made any false representation to, or concealed a material fact from, Fleming in order to induce her to act. Therefore, the Fourth Cause of Action is being dismissed with respect to Deutsche Bank because the Amended Complaint fails to state a claim for fraud against Deutsche Bank.

**C. CUTPA**

CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). The Supreme Court of Connecticut has stated:

> It is well settled that in determining whether a practice violates CUTPA[,] we have adopted the criteria set out in the "cigarette rule" by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been

>    established by statutes, the common law, or otherwise --
>    whether, in other words, it is within at least the
>    penumbra of some common law, statutory, or other
>    established concept of unfairness; (2) whether it is
>    immoral, unethical, oppressive, or unscrupulous; (3)
>    whether it causes substantial injury to consumers
>    (competitors or other businessmen).

Herbert v. Monterey Fin. Servs., Inc., No. 3:96CV00665, 2001 WL 1266299, at *4 (D. Conn. Sept. 28, 2001) (quoting Cheshire Mortgage Serv., Inc. v. Montes, 612 A.2d 1130, 1143-44 (Conn. 1992)) (internal quotation marks omitted).  Thus, a plaintiff may establish a CUTPA violation "by showing either an actual deceptive practice or a practice amounting to a violation of public policy." Id. at *5.

   Here, the plaintiffs allege only that "[t]he actions of the Defendants, or their agents, or the agents of their predecessors of interest as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers."  (Am. Compl. ¶ 217.)  Thus, the plaintiffs have not alleged facts that would support a claim that Deutsche Bank engaged in a deceptive practice or practice amounting to a violation of public policy.  In fact, the plaintiffs have not alleged facts that could establish that Deutsche Bank engaged in any particular practice, let alone one that violated CUTPA.  Therefore, the Fifth Cause of Action is being dismissed with respect to Deutsche Bank because it fails to state a claim for a

CUTPA violation against Deutsche Bank.

**D.   Assignment**

Although the plaintiffs correctly assert that an assignee stands in the shoes of the assignor (see, e.g., Fairfield Credit Corp. v. Donnelly, 158 Conn. 543, 551 (1969)), they erroneously attempt to utilize this general principle as a basis for liability on the part of Deutsche Bank in this case.  It is true that "an assignee of a contract [usually] takes it subject to all defenses [that] might have been asserted against the assignor." Fairfield Credit Corp., 158 Conn. at 549 (citations omitted). "However, in the absence of an express contract provision, an assignee is not required to assume the original responsibilities of the assignor.  This is true . . . for claims that the assignor committed fraud or misrepresentation.  Such claims may only be asserted against an assignee defensively, if at all." ICC Performance 2 Ltd. Partnership v. Pollack, No. CV 94313596, 1997 WL 200795, at *2 (Conn. Super. Ct. Apr. 16, 1997) (internal citations omitted); see also LaSalle Bank Nat'l Ass'n v. Bardales, No. CV085007137, 2009 WL 1312509, at *10 (Conn. Super. Ct. Apr. 14, 2009); Deutsche Bank Nat'l Trust v. Griffin, No. LLICV075002285S, 2008 WL 283809, at *3 (Conn. Super. Ct. Jan. 17, 2008); Deutsche Bank Nat'l Trust Co. v. Ganci, No. CV054017440, 2006 WL 1075159, at *1 (Conn. Super. Ct. Apr. 5, 2006).

Unlike the assignees in the cases cited by the plaintiffs in their opposition, Deutsche Bank did not initiate this lawsuit, making it subject to all counterclaims and defenses that could be asserted against its assignor, nor did it explicitly assume the rights and obligations of the assignor.  Rather, the plaintiffs attempt to bring direct claims against Deutsche Bank.  There is no basis for them doing so.

**IV.   CONCLUSION**

For the reasons set forth above, the Motion to Dismiss (Doc. No. 93) is hereby GRANTED.  As all claims against Deutsche Bank have been dismissed, the Clerk shall enter judgment in its favor and terminate it as a defendant in this case.

It is so ordered.

Dated this 27th day of August 2009 at Hartford, Connecticut.


                                         /s/AWT
                                    Alvin W. Thompson
                               United States District Judge